```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

WARREN GREGOIRE                                  CIVIL ACTION

VERSUS                                           NO. 05-2812

DELMAR SYSTEM, INC., ET AL                       SECTION "J" (4)
```

### ORDER AND REASONS

Before the Court is Defendant's **Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**. Rec. Doc. 4. Plaintiff opposes the motion. The motion, set for hearing on November 30, 2005, is before the Court on briefs without oral argument. Having considered the record, the memoranda of counsel, and applicable law, the Court finds that defendant has not met its burden of proving that a 28 U.S.C. § 1404(a) transfer is appropriate, and the motion must therefore be DENIED.

### BACKGROUND

Plaintiff's suit seeks recovery for personal injuries he allegedly sustained on September 26, 2004 while working as a rigger for defendant Delmar Systems, Inc. ("Delmar") on board the M/V SEACOR VANGUARD. According to plaintiff, while engaged in offshore anchor handling operations at Viosco Knoll, Block 66 in the Gulf of Mexcio, he was struck in the head by a personnel

basket.

Delmar seeks transfer of this case to the federal district court for the Western District of Louisiana in Lafayette pursuant to 28 U.S.C. § 1404(a), for the "convenience of the parties [and] witnesses and the interest of justice." 28 U.S.C. § 1404(a). In moving for the transfer, Delmar argues that plaintiff lives 20 miles from Lafayette; Delmar has its principal office in Broussard, Louisiana ten miles from Lafayette; at the time of the incident the anchor handling crew were working out of Delmar's Broussard office; that co-defendant Diamond Offshore has its principal place of business twenty miles from Lafayette; that at the time of the accident plaintiff was working on Viosco Knoll Block 66 in the Gulf of Mexico; that all but one of plaintiff's health providers reside in Lafayette; that several possible witnesses (co-workers) have residences in or within 20 miles of Lafayette; and that most of Delmar's records are located in Broussard, Louisiana or aboard the M/V SEACOR VANGUARD.

Plaintiff opposes contending that the inconvenience emphasized by defendants pertains mostly to witnesses employed by Delmar, who as maritime workers, regularly travel considerable distances to and from their job sites; that the 120-mile distance between the Lafayette area and New Orleans will not overly inconvenience either parties or witnesses; that witnesses are equally subject to subpoena power from either court (although

defendants can produce their own employees regardless of venue); that the doctors will likely testify by video; that the location of documents is of limited relevance because this is a simple tort suit and not a document-intensive case; and that this district has an interest in this suit because it occurred in a location in the Gulf that is reached via a take-off point in the Eastern district.

**APPLICABLE LAW**

Change of venue in admiralty cases, like ordinary civil cases, is governed by § 1404(a).  See Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 1475 (1960). Under 1404(a), "[f]or the convenience of parties, witnesses and in the interest of justice," courts may transfer an action "to any other district or division where it might have been brought."[1]  In determining whether the transfer is proper under 28 U.S.C. § 1404(a), most courts have used the factors set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508, 67 S. Ct. 839, 843 (1947).  These include both "private interest" and "public interest" factors.  Id.  The private interest factors are: (1) "the relative ease of access to sources of proof;" (2)

---

[1] A district where a lawsuit "might have been brought" is one in which the court would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would have been proper.  Hoffman v. Blaski, 363 U.S. 335, 80 S. Ct. 1084, 1089-190 (1960).

availability and convenience of witnesses; (3) "possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."  The public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the "local interest in having localized controversies decided at home;" (3) the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case;" (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law.  Id. at 509, 67 S. Ct. at 843.  As an additional public interest factor, courts consider judicial economy – that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money. Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964).  Finally, "while neither conclusive nor determinative," in this circuit "the plaintiff's choice of forum is clearly a factor to be considered."  In re Horseshoe Entertainment, 337 F.3d 429, 434-35 (5th Cir. 2003).

When ruling on a section 1404(a) motion to transfer, the Court is not limited to the above factors but must instead engage in a case-by-case consideration of convenience and fairness.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  At

the very least, the plaintiff's privilege of choosing venue places the burden of proof on the defendant, as moving party, to demonstrate why the forum should be changed.  See Karim v. Finch Shopping Co., Ltd., 94 F. Supp. 2d 727 (E.D. La. 2000)(citing In re Air Crash Disaster Near New Orleans, 821 F.2d 1147 (5th Cir. 1987)(vacated and remanded on other grounds)).  Generally, unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum should not be disturbed.  Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir.), cert. denied, 493 U.S. 935 (1989).

**DISCUSSION**

Applying the Gilbert factors to the instant case, the Court finds that Delmar has failed to carry its burden of showing that the convenience of witnesses and public interest require that the case be transferred to the Western District of Louisiana.  With respect to the most important of the private interest factors – the convenience of witnesses – the Court finds that Delmar has not sufficiently demonstrated that this factor favors a transfer. The five fact witnesses cited by defendant are co-workers of plaintiff and presumably employed by Delmar and in its control. Control over witnesses by an employer essentially diminishes or even negates the protest of inconvenience because the defendant will be able to compel their testimony at trial.  Carona v. Falcon Services Co., Inc., 68 F. Supp. 2d 783, 786 (S.D. Tex.

1999).  Further, it appears that Delmar's routine business operations require frequent transportation of its employees across southern Louisiana (and indeed in this case, the take-off point for plaintiff's hitch in the Gulf was within this district).  This suggests that any incremental "inconvenience" in having to appear for trial in New Orleans rather than Lafayette is not great.

As for the medical witnesses, to use their residence as a guide to venue determinations would result in creating a forum-shopping opportunity for defendants who could send injured employees to physicians in a venue they desire.  Further, the Court notes that this is a Rule 9(h) case and a bench trial.  As such, it seems unlikely that live medical testimony will be presented at trial.  Indeed, plaintiff has certified in his opposition memorandum that his own doctor, John Cobb, M.D., will testify by deposition.  Accordingly, the Court finds that the "convenience of witnesses" factor weighs very little, if at all, in favor of transfer.

With respect to Delmar's assertion that all documentary evidence would come from either the records kept on M/V SEACOR VANGUARD or in Delmar's Broussard, Louisiana office, while this may be true, this case does not appear to involve extensive discovery or document production, therefore, the Court affords little weight to this factor.

Delmar has also emphasized that plaintiff resides in the Western District. The Court acknowledges that some courts afford less deference to the presumption favoring the plaintiff's choice of forum if the plaintiff is not a resident of the district where he filed suit and has no particular connection with that district. Roulston v. Yazoo River Towing, Inc., 2004 WL 1687232, *2 (E.D. La. July 26, 2004). Nevertheless, the plaintiff's choice of forum may still be considered.

As for the location of the alleged wrong, it occurred approximately ten miles east of the Chandeleur Islands. As noted by plaintiff, this situs is within sight of Plaquemines Parish (in this district) on a clear day, and is reached by take-off points within this district, Port Fourchon and Venice, Louisiana. Thus, the Eastern District has a local interest in the resolution of this dispute.

With respect to the possibility of delay in the absence of a transfer, while it is true that this matter is in its early stages and no trial date has been set, and it is also the case that Hurricane Katrina caused a delay in reviewing the instant motion, Delmar has made no showing that the Eastern District's caseload is overburdened or backlogged. Moreover, because Hurricane Katrina has required an indefinite delay in scheduling jury trials, non-jury trials such as this one may be set on a faster track than ususal. This Court is prepared to try this

case whenever the parties can be ready.

In conclusion, in addition to whatever deference the plaintiff's choice of forum is owed, both the private and public interest factors outlined in Gilbert clearly weigh in favor of maintaining the current venue.  Delmar has failed to carry its burden of showing that convenience and the public interest mandate a transfer of this matter to the Western District of Louisiana.  Accordingly,

**IT IS ORDERED** that the **Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a),** Rec. Doc. 4, filed by the defendant, Delmar Systems, Inc. should be and is hereby **DENIED**.

New Orleans, Louisiana this __2nd__ day of December, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE